UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT BELL,                        )
                                    )
        Plaintiff(s),               )
                                    )
    vs.                             )          Case No. 4:03CV810 JCH
                                    )
LORENZO CHANCELOR,                  )
                                    )
        Defendant(s).               )

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant Lorenzo Chancelor's Motion for Summary

Judgment, filed May 7, 2005.  (Doc. No. 36).  The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff Robert Bell filed his original Complaint under the Civil Rights

Act, 42 U.S.C. § 1983, on June 17, 2003.  (Doc. No. 6).  In his Complaint, Plaintiff named as

Defendants the St. Louis County Justice Center, and a number of its employees.  With respect to

Defendant Chancelor, Plaintiff alleged as follows:

> I filed a grievance and appeals several times over only to be threatened by the
> grievance coordinator C.O. Chancler (sic)....I've been refused visits, all phone
> calls, medical services, law services, no health products like soap or
> toothpaste, no social services....solitary confinement and physical threats.

(Doc. No. 6, P. 6).  In an Order entered January 29, 2004, this Court granted Plaintiff's motion to

proceed in forma pauperis, but then dismissed Plaintiff's entire Complaint pursuant to 28 U.S.C. §

1915(e)(2)(B).  (Doc. No. 3).

On September 10, 2004, the Eighth Circuit Court of Appeals reversed this Court's dismissal

with respect to Defendant Chancelor, as follows:

> In relevant part, Bell claimed Lorenzo Chancelor threatened him and deprived
> him of various privileges after Bell filed grievances and appeals. We conclude
> preservice dismissal of this claim was inappropriate because Bell's allegation,
> liberally construed, stated a retaliation claim against Chancelor.

(Doc. No. 15, PP. 2-3). The Eighth Circuit affirmed this Court's ruling in all other respects. (Id.,
P. 3).

As stated above, Defendant Chancelor filed the instant Motion for Summary Judgment on
May 7, 2005. (Doc. No. 36). In his motion, Defendant Chancelor maintains Plaintiff's Complaint
against him must be dismissed, because the undisputed facts show he did not threaten, discipline, or
retaliate against Plaintiff, and because he is entitled to qualified immunity as a matter of law. (Id.).[1]

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers
to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive
law determines which facts are critical and which are irrelevant. Only disputes over facts that might
affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury
could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion.
Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must
set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not

---

[1] In his motion, Defendant Chancelor further maintains Plaintiff's claims are barred because
he failed to exhaust administrative remedies, as mandated by the Prison Litigation Reform Act, 42
U.S.C. § 1997e(a). (Defendant's Motion for Summary Judgment, P. 2). Defendant does not pursue
this argument in his reply brief, however, and the Court finds it to be without merit.

the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

In his Motion for Summary Judgment, Defendant Chancelor asserts that while a threat of retaliation for an inmate's use of the grievance procedure is sufficient to state a cause of action under § 1983, such a claim must be more than speculative or conclusory. (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, P. 2). Defendant Chancelor continues to assert that other than Plaintiff's, "one sentence allegation of being threatened by Defendant Lorenzo Chancelor, he has not provided any further information that this actually occurred." (Id.). Defendant Chancelor further submits an affidavit, in which he testifies that he neither retaliated against Plaintiff, nor threatened Plaintiff, for his use of the Department of Corrections' grievance process or for any other reason. (Affidavit of Lorenzo Chancelor, ¶¶ 7, 8).

Upon consideration, the Court will deny this portion of Defendant's Motion for Summary Judgment, as disputed issues of material fact remain with respect to Plaintiff's claim of retaliation. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994). For example, in his memorandum of law in response to Defendant's motion, signed under oath, Plaintiff asserts as follows: "Defendant Lorenzo Chancelor assaulted Plaintiff with threats of bodily harm and a promise to have Plaintiff locked down in segregation if Plaintiff did not stop using the grievance procedure and turn over all the receipts for

the claims Bell had already presented to the institution." (Memorandum of Law in Response of Defendant's Motion for Summary Judgment, P. 2). Plaintiff further states that Defendant Chancelor threatened to mace Plaintiff, if he did not stop filing grievances with respect to C.O. Curtis. (Id., PP. 6-7). Viewing the facts in the light most favorable to Plaintiff, as it must for summary judgment purposes, the Court finds a genuine issue remains with respect to whether Defendant Chancelor retaliated against Plaintiff for his use of the prison grievance procedures. Burgess, 39 F.3d at 218. See also Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (citation omitted) ("The district court could resolve this dispute only by deciding to believe [defendant's] affidavit rather than plaintiffs' affidavits, and such a credibility determination is inappropriate in ruling on a motion for summary judgment."). Further, because Defendant Chancelor's actions remain disputed, the Court finds summary judgment to be inappropriate on Defendant's qualified immunity theory as well. Burgess, 39 F.3d at 218, citing Gainor v. Rogers, 973 F.2d 1379, 1385 (8th Cir. 1992).[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lorenzo Chancelor's Motion for Summary Judgment (Doc. No. 36) is **DENIED**.

Dated this 16th day of March, 2006.

---

[2] In light of the Court's ruling, this matter will proceed to trial on Plaintiff's claim of retaliation on the part of Defendant Lorenzo Chancelor. The Court cautions Plaintiff, however, that Defendant Chancelor is the only remaining Defendant in this matter, and thus Plaintiff will not be permitted to present testimony regarding the actions of others. Plaintiff further will not be permitted to present testimony regarding claims not raised in his original Complaint, nor will he be permitted to present testimony regarding Defendant Chancelor's alleged failure to process Plaintiff's grievances. See, e.g., Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) ("We conclude Buckley's first complaint failed to state a claim because no constitutional right was violated by the defendants' failure, if any, to process all of the grievances he submitted for consideration.").

_/s/ Jean C. Hamilton_
UNITED STATES DISTRICT JUDGE